# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **SolutionInc Limited,**  Plaintiff,  v.  **Cisco Systems, Inc.,**  Defendant. | Case No. 1:20-cv-145  Patent Case  Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SolutionInc Limited ("SolutionInc"), through its attorneys, complains of Cisco Systems, Inc. ("Cisco"), and alleges the following:

### PARTIES

1. Plaintiff SolutionInc Limited is a corporation organized and existing under the laws of Canada that maintains its principal place of business at 5692 Bloomfield StHalifax, NS B3K 1T2, Canada.

2. Defendant Cisco Systems, Inc. is a corporation organized and existing under the laws of California that maintains an established place of business at 12515-3 Research Park Loop, Austin, TX 78759 and 18615 Tuscany Stone, San Antonio, Texas 78258.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District. In addition, SolutionInc has suffered harm in this district.

## PATENTS-IN-SUIT

7. SolutionInc is the assignee of all right, title and interest in United States Patent Nos. 7,526,538 (the "'538 Patent"); 7,007,080 (the "'80 Patent"); 7,502,841 (the "'841 Patent"); (collectively the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, SolutionInc possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

### The '538 Patent

8. The '538 Patent is entitled "System using server to provide mobile computer accessing to a different network without reconfiguring the mobile computer," and issued 4/28/2009. The application leading to the '538 Patent was filed on 7/8/2005. A true and correct copy of the '538 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '538 Patent is valid and enforceable.

### The '80 Patent

10. The '80 Patent is entitled "System for reconfiguring and registering a new IP address for a computer to access a different network without user intervention," and issued

2/28/2006. The application leading to the '80 Patent was filed on 12/22/2000. A true and correct copy of the '80 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11.   The '80 Patent is valid and enforceable.

### The '841 Patent

12.   The '841 Patent is entitled "Server, system and method for providing access to a public network through an internal network of a multi-system operator," and issued 3/10/2009. The application leading to the '841 Patent was filed on 2/2/2005. A true and correct copy of the '841 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

13.   The '841 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '538 PATENT

14.   SolutionInc incorporates the above paragraphs herein by reference.

15.   **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '538 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Cisco products identified in the charts incorporated into this Count below (among the "Exemplary Cisco Products") that infringe at least the exemplary claims of the '538 Patent also identified in the charts incorporated into this Count below (the "Exemplary '538 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '538 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

16.   Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '538 Patent Claims, by having its employees internally test and use these Exemplary Products.

17. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

18. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '538 Patent. On information and belief, Defendant has also continued to sell the Exemplary Cisco Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '538 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '538 Patent.

19. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '538 Patent, literally or by the doctrine of equivalents, by selling Exemplary Cisco Products to their customers for use in end-user products in a manner that infringes one or more claims of the '538 Patent.

20. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '538 Patent, literally or by the doctrine of equivalents, by selling Exemplary Cisco Products to their customers for use in end-user products in a manner that infringes one or more claims of the '538 Patent. Moreover, the Exemplary Cisco Products are not a staple article of commerce suitable for substantial noninfringing use.

21. Exhibit 4 includes charts comparing the Exemplary '538 Patent Claims to the Exemplary Cisco Products.  As set forth in these charts, the Exemplary Cisco Products practice the technology claimed by the '538 Patent.  Accordingly, the Exemplary Cisco Products incorporated in these charts satisfy all elements of the Exemplary '538 Patent Claims.

22. SolutionInc therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

23. SolutionInc is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 2: INFRINGEMENT OF THE '80 PATENT

24. SolutionInc incorporates the above paragraphs herein by reference.

25. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '80 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Cisco products identified in the charts incorporated into this Count below (among the "Exemplary Cisco Products") that infringe at least the exemplary claims of the '80 Patent also identified in the charts incorporated into this Count below (the "Exemplary '80 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '80 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

26. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '80 Patent Claims, by having its employees internally test and use these Exemplary Products.

27. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

28. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '80 Patent. On information and belief, Defendant has also continued to sell the Exemplary Cisco Products and distribute product literature and website materials inducing end users and others to use its

products in the customary and intended manner that infringes the '80 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '80 Patent.

29. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '80 Patent, literally or by the doctrine of equivalents, by selling Exemplary Cisco Products to their customers for use in end-user products in a manner that infringes one or more claims of the '80 Patent.

30. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '80 Patent, literally or by the doctrine of equivalents, by selling Exemplary Cisco Products to their customers for use in end-user products in a manner that infringes one or more claims of the '80 Patent. Moreover, the Exemplary Cisco Products are not a staple article of commerce suitable for substantial noninfringing use.

31. Exhibit 5 includes charts comparing the Exemplary '80 Patent Claims to the Exemplary Cisco Products. As set forth in these charts, the Exemplary Cisco Products practice the technology claimed by the '80 Patent. Accordingly, the Exemplary Cisco Products incorporated in these charts satisfy all elements of the Exemplary '80 Patent Claims.

32. SolutionInc therefore incorporates by reference in its allegations herein the claim charts of Exhibit 5.

33. SolutionInc is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 3: INFRINGEMENT OF THE '841 PATENT

34. SolutionInc incorporates the above paragraphs herein by reference.

35. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '841 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Cisco products identified in the charts incorporated into this Count below (among the "Exemplary Cisco Products") that infringe at least the exemplary claims of the '841 Patent also identified in the charts incorporated into this Count below (the "Exemplary '841 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '841 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

36. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '841 Patent Claims, by having its employees internally test and use these Exemplary Products.

37. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

38. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '841 Patent. On information and belief, Defendant has also continued to sell the Exemplary Cisco Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '841 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '841 Patent.

39. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '841 Patent, literally or by the doctrine of

equivalents, by selling Exemplary Cisco Products to their customers for use in end-user products in a manner that infringes one or more claims of the '841 Patent.

40.     **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '841 Patent, literally or by the doctrine of equivalents, by selling Exemplary Cisco Products to their customers for use in end-user products in a manner that infringes one or more claims of the '841 Patent. Moreover, the Exemplary Cisco Products are not a staple article of commerce suitable for substantial noninfringing use.

41.     Exhibit 6 includes charts comparing the Exemplary '841 Patent Claims to the Exemplary Cisco Products.  As set forth in these charts, the Exemplary Cisco Products practice the technology claimed by the '841 Patent.  Accordingly, the Exemplary Cisco Products incorporated in these charts satisfy all elements of the Exemplary '841 Patent Claims.

42.     SolutionInc therefore incorporates by reference in its allegations herein the claim charts of Exhibit 6.

43.     SolutionInc is entitled to recover damages adequate to compensate for Defendant's infringement.

### JURY DEMAND

44.     Under Rule 38(b) of the Federal Rules of Civil Procedure, SolutionInc respectfully requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, SolutionInc respectfully requests the following relief:

A.      A judgment that the '538 Patent is valid and enforceable;

B.      A judgment that the '80 Patent is valid and enforceable;

C.     A judgment that the '841 Patent is valid and enforceable;

D.     A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '538 Patent;

E.     A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '80 Patent;

F.     A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '841 Patent;

G.     An accounting of all damages not presented at trial;

H.     A judgment that awards SolutionInc all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate SolutionInc for Defendant's infringement, an accounting:

    i.     that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that SolutionInc be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

    ii.     that SolutionInc be awarded costs, and expenses that it incurs in prosecuting this action; and

    iii.     that SolutionInc be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: February 7, 2020         Respectfully submitted,

*/s/ Isaac Rabicoff*
Isaac Rabicoff
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff
SolutionInc Limited**